[Cite as *State v. Johnson*, 2021-Ohio-116.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200028 |
| | | TRIAL NO. 19CRB-25671 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| MACK JOHNSON, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  January 20, 2021

*Paula Boggs Muething*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Meagan D. Woodall*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}     In this appeal, Mack Johnson challenges the weight and sufficiency of the evidence supporting his conviction for assault, in violation of R.C. 2903.13. Finding no merit in Johnson's sole assignment of error, we affirm the trial court's judgment.

*The Evidence at Trial*

{¶2}     At the bench trial, the state presented the testimony of Karim Bah, whose wife has a son with Johnson.  Bah testified that Johnson came to his home and, when Bah opened the door, Johnson entered the home and demanded to know where his son was.  Bah explained that Johnson's son was not there and told Johnson to leave.  According to Bah, Johnson began yelling and threatened to beat him.

{¶3}     Bah testified that when he attempted to walk from the living room to the dining room, Johnson stood in front of him with his arms extended so that Bah could not pass.  Johnson told Bah, "[Y]ou're not going nowhere."  Bah said that Johnson "was about to fight," so Bah retreated to his living room couch and called 911.

{¶4}     The 911 operator instructed Bah to move away from Johnson.  Bah testified, "So I walk back to move around [Johnson] when he hit me with the elbow. I just move away like that (indicating) and he missed me.  I walk around.  I was about to go outside.  He hit me on my back and pushed me to the door."  Bah said that Johnson pushed him into the screen door, causing him to hit his forehead on the door and to fall down.

{¶5}     The state introduced photographs of a bleeding laceration on Bah's forehead.  Bah testified that he went to the emergency room where he received four stitches.

{¶6} When the police arrived, Johnson told them that he was there to pick up his son because he had custody of him. Johnson told police that he did not touch Bah.

{¶7} Johnson testified that when Bah let him into the home, he told Bah to call his wife and tell her to return with Johnson's son. Johnson said that he stood in Bah's living room and began recording video on his cell phone while Bah made a phone call. The defense introduced Johnson's cell-phone video into evidence.

{¶8} Johnson testified, "[Bah] approached the door. He seemed like he was going to walk out the door so I was following him outside." According to Johnson, Bah turned around before he reached the door, took a few steps toward Johnson, and started speaking. Johnson said, "I put my hands up like this (indicating) * * * Like what are you going to do, man? What are you going to do?"

{¶9} According to Johnson, when Bah turned back to walk outside, Bah "pushes the screen door with his right hand. The screen door comes back. His right hand goes through the screen – the corner of the screen door and the door smacks him." Johnson testified that he "never laid a hand on" Bah.

{¶10} At the conclusion of the trial, the trial court found Johnson guilty of assault. The court sentenced Johnson to 180 days in jail, suspended the jail term, and placed him on probation. In addition, the court ordered Johnson to pay $2,946 in restitution for Bah's medical bills. Johnson now appeals.

*Weight and Sufficiency*

{¶11} In a single assignment of error, Johnson challenges the sufficiency and weight of the evidence supporting his conviction. We address each of these in turn.

{¶12} Johnson argues that the state presented insufficient evidence that he "caused or attempted to cause physical harm" to Bah, as required to support his assault conviction under R.C. 2903.13. In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. McFarland*, Slip Opinion No. 2020-Ohio-3343, ¶ 24, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶13}** Johnson asserts that the cell-phone video corroborated his testimony that Bah's injury was caused when Bah's hand went through the screen of the door, causing the door to "come[] back" and "smack[]" Bah. Unfortunately for Johnson, however, his cell-phone camera was not pointed at Bah or the door throughout the entirety of the incident and, therefore, its video recording had limited probative value. And Bah's testimony, by itself, was sufficient to establish that Johnson caused him physical harm.

**{¶14}** In reviewing Johnson's challenge to the weight of the evidence, we must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Johnson argues that Bah's testimony that he was hurt when Johnson pushed him into the door "is not consistent with the recording." However, as we have stated, the video recording omitted the critical portion of the episode. It was for the trial court to assess Bah's credibility, and it was entitled to reject Johnson's claim that he did not touch Bah. *See State v. Ward*, 1st Dist. Hamilton Nos. C-180350, C-180387 and C-180388, 2019-Ohio-4148, ¶ 31. This is not "the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Based on our review of the record, we cannot conclude that Johnson's conviction is against the manifest weight of the evidence.

**{¶15}** Consequently, we hold that Johnson's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. We overrule the sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry this date.